The next case is Hi-Bear, Inc. v. Veeam Software Corporation, 2022-14-43-44. Mr. Ostrow. May it please the Court. Good morning, Your Honors. Thank you. Yes, my name is Seth Ostrow. I represent Hiber, Inc., the patent owner and appellant here. This appeal is a consolidated appeal of two IPR rulings by the PTAB, invalidating all the claims of my client's patents. The IPRs are 2020-1039 and 1040. We're asking Your Honors to take a second look, a fresh look, at a key claim term that we believe was misconstrued by the PTAB, which has propagated effects throughout the 103 finding by the Board, which is the word inventory as used in this patent. And in our view, the way the Board found the word inventory to mean an itemized list, as suggested by Petitioner, is so vague and broad as to essentially read whole sections of the claims out of the claims. So if we were to go through the exercise, which I'm happy to do, we did some of this in our briefing, essentially substituting the Board's broad reading of one term, read other claim limitations out of the claim, because the other claim limitations, as long as they're not inconsistent with the broad reading, just further specify what's needed. What I meant, not necessarily limitations being read out, but clauses. Clauses of clarifying language in the claim that distinguish between the claimed inventory and a list. Well, why isn't it just an inventory, which is a very broad term, and now I'm going to tell you something else that further narrows the requirement of the particular inventory that's in the claim. When that happens, that's fine. To the extent that, for example, Claim 1 of the 545 patent indicates that the inventory reflects the current state of the first remote storage medium, that language is still fine. What I'm suggesting is that the way the claims use the word inventory and list, those two words, they're clearly intending them to mean something different. So maybe it's worth it to answer Your Honor's question, if I could just take a little excerpt. Now I'm going to go to the 146 patent. I assume Your Honors have the patents themselves handy, or I can give you the appendix if you need a citation. And this is Claim 1 of the 146? That's how I'm looking at it. Inside your cover, yeah. Correct, yes. Thank you, Your Honor. Just for starters, does inventory have to have the same meaning for both patents? Yes. Okay. Yes, inventory has the same meaning. So I draw Your Honor's attention to the second element of Claim 1, which says, comparing at the backup server the at least one descriptor of the first descriptors associated with a second inventory of electronic data stored on a backup storage medium. There's more than this, but if we just take that in isolation, the claim is clearly using the word inventory and the word list to mean something different from one another. There is a first inventory, which, according to this claim, has at least one descriptor. As Your Honors may recall, a descriptor is the mathematical hash or signature, that this backup system uses to identify a chunk of data. It could be a file or just a chunk, right? It generates a hash and it comes out with a number. So that descriptor is a number. So that number, the first inventory from the previous element, has at least one of those numbers, and that's compared to a list of descriptors, which are associated with a second inventory. So there's a list that's associated with an inventory. According to the way the board and petitioner would have the court read this, that's a list of descriptors, which is unquestionably an itemized list, whatever that really means. Another issue was there's no evidence. Of electronic data. Yes, of electronic data. So a descriptor is electronic data. So a list of descriptors is an itemized list, the way any understanding in the record would indicate. That's an itemized list. So what the claim, if we substitute in, is saying is that there's at least one descriptor of the first itemized list is being compared to an itemized list that's associated with a second itemized list. That's the result that you get by substituting the board and petitioner's interpretation of inventory, if that's all it means. And what's wrong with that? It sounds like nonsense. In other words, what I'm saying is that... Compare two lists. But that's not what the claim says. The claim says that, well, you're comparing a descriptor. You're trying to find if that descriptor appears already on the backup device. That's what's happening in the real world. But the way the claim is written, there's a descriptor which is being compared to a list, and that list, whatever that is, that's associated with something else called a second inventory. If a second inventory is just a list, the phrase associated with a second inventory loses all meaning. It doesn't have any meaning, saying a list is associated with itself. And there are other examples of that result. One, unless you want to go more on that one, if we go to the 545 patent, Claim 1, there's a similar result there, but it's perhaps more striking because there's a separate limitation. So in Claim 1 of the 545 patent, there are two generating steps. So as a sub-process of the second element, there's a first step identifying a first set of files, and then the next step is generating at the client device a cryptographic signature value for each file in the first set of files. And there's some information about what that is. So that gives these descriptors. That gives a list of descriptors. The next step is generating at the client device a first inventory for the first set of files, where the first inventory reflects the current state of the first remote storage medium, and wherein the first inventory includes the cryptographic signature value generated for each file. The problem we're having is that if that first inventory is merely the itemized list of descriptors, or in this case the cryptographic signature values, it's the same thing, then this element of generating that list is superfluous. It has no meaning because the previous step already did all of this. The previous step of generating a cryptographic signature value for each file already made the data. Nothing is happening in the next generating step if a first inventory is that list, is that set of data. So that element, I'll retract what I said earlier about not reading limitations out. This limitation disappears because it has no extra meaning beyond the previous limitation. That is the result in our view of the way. I'm not sure this is a coherent question, but the first generating just says generate a hash for each item. It doesn't say put all the results into what you would call a list. So why doesn't the first inventory do that? That set of values is a list. Within a computer there's no, we're not talking about a shopping list here, right? So there's no list, when you go shopping you might have bread, cheese, milk, one above the other. Within a computer the set is the list. There's no special structure to the list. So just the mere creation of that set of cryptographic signature values results in the same thing that is being generated according to the board's interpretation, the first inventory. What we are asking the court to look at is that the way the patent is using the term inventory, it is clearly intending to go beyond what's just these descriptors. In our briefing we cited at length various parts of the specification which go into what this inventory has to have. The reason we cited to those is not, the reason we think that should be part of the construction is because all of those things are needed to accomplish the patent's objective of properly backing up data so that it can be restored. So for example, your honor's computer, right? You don't just have a bunch of amorphous data. There's data arranged in files. The files have file names. Those file names are in your directories. If your computer were to fail and you needed to restore it to the same device or another device, you would want, your honors would want the data to be back in those directories with the same file names. Just restoring a blob of data to a machine is not useful. And the patent is clearly directed and goes at length, discusses that these inventories, this inventory is the device, is the element that is used both during the backup process to determine whether things have already been stored on the backup server, which is the point of the invention, but also during the restore process, which is what's part of claimed in the 146 patent claim one. That specifically claims the restore, but the implicitly whether it's claimed or not, the whole objective of the patent would be frustrated if it was merely an amorphous blob of an inventory and that's all one got back. The device would not be restored to its current state. So that's why when we went to the specification, we looked for the things that were required by this invention in order to accomplish that objective. And that resulted, for example, in a finding that the inventory must reflect the current state of the drive. The specification essentially says that claim one of the 545 says that and that current state of the drive has to be more. And this goes to a second error that we think the board made. It's not supported by substantial evidence. That current state of the drive can't merely be the descriptor because as the board is suggesting and finding that the field patent application already teaches that that can't be the descriptor because merely having descriptors again looking at the objective of here, if you take a computer and you send these mathematical hashes out, you can't reverse that to recreate the current state of your storage device. It's not the current state of the data. It's not the current state of the electronic data or the files. It's the current state of the storage device. The only way to restore a current state of your device is to have the information I mentioned earlier. You need to know the file names. You need to know what directories they go into. Only with that set of data can you restore the current state of the storage device. So we believe that that is the second portion of the error that the board in finding field teaches that which it clearly doesn't. There was some issue, if you're honest, I have no questions about that. There was some issue about the way the specifications are worded. There's this issue of the use of the word may in the patents, suggesting that everything that the patent says is may this, may be this, may be that is permissive. I understand that there's case law citations on that. The way this particular patent is written, as we've shown in our briefs, practically everything is described as being may. It may have this. Even things which are undoubtedly required. We cited some of these in our brief, but just for the sake of it since I have another 30 seconds or so. In column seven, which is appendix 186 of the joint appendix, there are a number of citations in the beginning of each of the paragraphs about the various elements such as the communication device may include memory. Well, the communication device has to include memory. It's a computerized device. It can't function without memory. It says the communication device may include a processor. Well, it has to have a processor. There's many other examples. We cited some in our brief as well. One of ordinary skill in the art seeing, reading this patent in total would understand that just because it says may, that doesn't mean it doesn't have to have that. There are some things it must have that are referenced with may. Well, as you noticed, your time is running out, and you may have two minutes for a bottle. That's permissive, Your Honor, but I will take it anyway. Not yet. I will save my two minutes. Mr. Pickard. Good morning, and may it please the court. This court should affirm the board's final written decisions below. On the issue of claim construction, the board correctly interpreted the inventory term as an itemized list of electronic data. That conclusion is fully consistent with the specification of the claims, and it is also supported by board fact findings as to the meaning of inventory as reflected in the dictionary definitions that both parties submitted. Those fact findings are particularly salient here in light of the fact that the parties agreed that the inventory term had a plain and ordinary meaning in the art, and that that meaning should apply to the term as it appeared in the claims. HIBO doesn't contend that the board lacks substantial evidence for these fact findings, but instead attempts to cram four separate requirements into the term. But the specification doesn't support that. It speaks permissively of what the inventory may or may not include, and describes the invention through a series of non-limiting examples. There was no error in the board's claim construction, but even if there were, as we've shown in our brief, the board nevertheless found that the four requirements that they suggest are included in the inventory were taught by the prior art. My colleague only touched briefly on the substantial evidence issue, so I'll limit my remarks to what he raised. They don't seriously engage with the substantial evidence review standard. If you look at the briefing, what they do is cite their most favored evidence, that is, their own POR, their oral arguments to the PTAB, and the declaration of their own expert. They fail to show where the board lacked evidence for the fact findings that it made. I don't remember the board's discussion, which was quite extensive of each of the four proposed additions to a, or limitations to what inventory can be. But I guess I'm interested in the one about, I forget what the language is, but reflecting the current state of the device or something like that. I think it's reflecting the current state of the medium. Of the medium? Yeah. So do you agree that some language in the claims, though not the word inventory, end up requiring an inventory that does reflect a current state of the medium? But just not in the term inventory? That's right. So if you look at claim one in the 545 patent, there is that where in clause in the second generating step. It recites the first inventory, and then it goes on where in the first inventory reflects a current state of the first remote storage medium. And so our point is the board is just construing inventory, and I think the Phillips decision, which dealt with the claim term steel baffles, it said, well, the fact that steel baffles are recited is a strong indication that all necessarily made of steel, and I think that principle applies here. I'm sorry, I just lost my head. So 545 claim one? 545 claim one. And which provision? If you look at the second generating step. In the second generating step. Yeah, so that's where the first inventory is first recited. And so that claim explicitly includes that. So of course we showed that in our grounds of unpatentability, and the board agreed with us. My point is simply that in construing inventory, the additional recitation of that element is a strong indication that inventory by itself. Does something similar appear in the 146 or not? I believe it does. With the 146, it does it for different requirements that the patent owner is urging here. So it talks about, this is about midway through the receiving step, wherein the first inventory comprises at least one descriptor. And if Your Honor will recall, that's one of the four requirements they would ask this court to impose upon the inventory term. Again, our point is the inclusion of that expressly in claim one of the 146 patent is a strong indication that that's not necessarily part of an inventory by itself, which is the term the board was asked to construe. I'm happy to answer any questions Your Honors may have. But barring that, we respectfully ask that this court affirm the board's final written decisions below. Thank you, Mr. Pickard. Mr. Ostro, we'll give you two minutes. Thank you, Your Honors. Let me just address that claim differentiation. Essentially, what was a claim differentiation argument that counsel just made? We addressed it in the brief, but it was raised, so let me just address it again. So in the 545 patent, this argument that the claim says generating at the client device a first inventory for the first set of files, and then it has the where in the first inventory reflects the current state of the first remote storage medium, does not mean that not all inventories reflect the current state of the storage medium. What that is telling you is that this inventory, this first one, because the invention deals with multiple inventories, there's client inventories and backup inventories. So what the claim is telling you is that this inventory, the first one, reflects the current state of the first remote storage medium, which was established as the device that's being backed up. So it had to say that in order to establish that that's what this inventory is about. That's not to say that not all inventories reflect the current state of the first remote storage, of a remote, of a storage medium, because they do in our opinion. So that, and again, this was another issue that the claim specifically says that it's the state of the medium, not the files. This is another mistake that the board made in applying the field reference by simply saying that the field reference has a descriptor. Therefore, it reflects the state. It doesn't. The descriptors don't reflect states of mediums. The same thing happens in the 146 patent, the claim one example council gave about descriptors. It's that descriptor. Let me see if I can find it in the time I have. At least one descriptor of the first inventory to a list of this. No, hang on. I'm sorry. We're in the first inventory comprises at least one descriptor and we're in the at least one descriptor comprises a cryptographic signature and so forth. The claim has to set forth, has to explicitly state that, that it's established what, which descriptor it's talking about. This would be, for example, if I'm out of time, if you had a claim on a car, which we all know has an engine, but you'd still in the claiming, you'd have to say one car, at least one car with at least one engine. That doesn't mean that all cars don't have engines. You're just trying to explain something about the engine. So you have to set up an antecedent basis. That's all that's happening here is setting up an antecedent basis. So unless there's any further questions, I'll. Thank you, counsel.